IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN, et al.,

      Plaintiffs,                    No. CIV S-10-0828 KJM P

   vs.

MATTHEW CATE, et al.,

      Defendants.            <u>ORDER</u>

/

        Defendants have removed this case from Solano County Superior Court and asked the court to screen the complain under 28 U.S.C. § § 1915A(a).  They have paid the filing fee. Plaintiff Thomas Heilman has filed an opposition to the removal.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-

1

1  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.
3  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
4  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
5  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

6  In order to avoid dismissal for failure to state a claim a complaint must contain
7  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
8  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other
9  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
11 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
12 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
13 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
14 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
15 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
16 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17 Rhodes, 416 U.S. 232, 236 (1974).

18 The plaintiffs are four inmates currently housed at the California Medical Facility,
19 who have filed an action and requested class certification.  They allege that the defendants, who
20 include the director of the California Department of Corrections and Rehabilitation (CDCR),
21 other administrators, and appeals coordinators, have promulgated an underground regulation that
22 results in illegal recharacterization of legitimate grievances (602s) that present issues of staff
23 misconduct.  They allege that this is done to conceal staff misconduct generally and to bypass
24 the requirement that grievances raising staff misconduct be retained and reported to the
25 Department of Justice.  Plaintiffs allege that these actions have violated federal constitutional
26 rights and state law.

1  There is no constitutional right to a grievance process and any inadequacies in the
2 handling of grievances do not state a claim under the civil rights act. See Ramirez v. Galaza,
3 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 846 F.2d 589 (9th Cir. 1988) (no right to a
4 grievance procedure). The instant complaint challenges the manner in which grievances have
5 been classified under the challenged Administrative Bulletin rather; it does not state a claim
6 cognizable in federal court.

7  In accordance with the above, IT IS HEREBY ORDERED that:

8  1. Defendants' request that the complaint be screened (docket no. 4) is granted;
9 and

10  2. The Clerk of the Court is directed to assign this case to a district judge.

11  IT IS RECOMMENDED that the action be dismissed.

12  These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
14 one days after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties. Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
17 shall be served and filed within fourteen days after service of the objections. The parties are
18 advised that failure to file objections within the specified time may waive the right to appeal the
19 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED: June 14, 2010.

_____
U.S. MAGISTRATE JUDGE

23 2
24 heil0828.14